IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THOMAS L. CANNON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 15-cv-2023 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Thomas L. Cannon's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must promptly examine the motion. If it appears from the motion, any attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief, the Court must dismiss the motion. See Rules Governing Section 2255 Proceedings, 4(b). A preliminary review of Petitioner's motion shows that it must be dismissed because the § 2255 motion is a

successive motion and Petitioner did not obtain permission from the Seventh Circuit to file a successive motion.

## I. BACKGROUND

In December 2003, a jury found Petitioner guilty of possessing cocaine with the intent to distribute. United States v. Cannon, United States District Court, Central District of Illinois, Urbana Division, Case No. 03-20085, d/e 16. The district judge, United States District Judge Harold A. Baker, sentenced Petitioner to 20 years' imprisonment. Id. at d/e 63.

Petitioner appealed, and the Government cross-appealed. In November 2005, the United States Court of Appeals for the Seventh Circuit affirmed the conviction, vacated the sentence, and remanded the case with instructions to impose a sentence of life imprisonment. United States v. Cannon, 429 F.3d 1158 (7th Cir. 2005) (finding Petitioner was subject to the mandatory minimum sentence of life imprisonment because he distributed more than 50 grams of crack after two or more prior felony drug convictions became final ).

On remand, Judge Baker recused himself, and the case was reassigned to United States District Judge Michael P. McCuskey.

United States v. Cannon, United States District Court, Central District of Illinois, Urbana Division, Case No. 03-20085, d/e 95. In March 2006, Judge McCuskey sentenced Petitioner to life imprisonment. Id. at d/e 103.

In February 2007, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel and challenging the constitutionality of his mandatory minimum life sentence. Cannon v. United States, United States District Court, Central District of Illinois, Urbana Division, Case No. 07-2044, d/e 1 (First Motion). In September 2008, following an evidentiary hearing, Judge McCuskey denied the Motion. Id. at d/e 17. In November 2008, Judge McCuskey granted a certificate of appealability. Id. at d/e 26. Petitioner appealed, and, in May 2009, the Seventh Circuit affirmed. Cannon v. United States, 326 F. App'x 393 (7th Cir. May 7, 2009) (unpublished disposition).

In July 2013, Petitioner filed a second Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Cannon v. United States, United States District Court, Central District of Illinois, Urbana Division, Case No. 13-2170, d/e 1 (Second Motion).

This time, Petitioner challenged his sentence based on the United States Supreme Court decision in Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013) (holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt"). Judge McCuskey determined that the Motion was a successive motion pursuant to § 2255 and Petitioner had not obtained an order from the Seventh Circuit Court of Appeals authorizing the district court to consider the motion. Cannon v. United States, Case No. 13-2170, d/e 3. Therefore, Judge McCuskey dismissed the Motion for lack of jurisdiction and declined to issue a certificate of appealability. Id.

In June 2014, Petitioner filed another Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. United States v. Cannon, United States District Court, Central District of Illinois, Urbana Division, Case No. 15-2023[1] (Third Motion). In his Third Motion, Petitioner argues that the prior convictions used to enhance his sentence are infirm in light of Descamps v. United

---

[1] The Motion was originally filed in Case No. 13-2170. Following the transfer of this case to this Court, the Court directed the Clerk to open a new case. See Case No. 13-2170, Text Order dated January 22, 2015.

States, 133 S. Ct. 2276 (2013) (holding that a court, when determining whether a prior conviction is one of the crimes that qualifies to increase a sentence, may not use the modified categorical approach when the defendant was convicted under a statute that does not contain alternative elements even if the statute criminalizes conduct broader than the relevant generic offense). Due to the retirement of Judge McCuskey, the case has been reassigned to the undersigned judge.

## II. ANALYSIS

A prisoner may not file a second or successive § 2255 motion unless he obtains certification from the court of appeals. 28 U.S.C. § 2255(h). In fact, "[a] district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F. 3d 990, 991 (7th Cir. 1996).

Petitioner's Third Motion is a successive § 2255 motion. Petitioner already received "one unencumbered opportunity to receive a decision on the merits" when he filed, and the Court denied, his First Motion in Case No. 07-2044. See, e.g., Potts v. United States, 210 F. 3d 770, 770 (7th Cir. 2000) (explaining when

a previous motion "was the 'real thing' that ought to subject the petitioner" to the limitations the Antiterrorism and Effective Death Penalty Act places on the filing of successive motions under § 2255). No exceptions to the certification requirement appear to apply. See Suggs v. United States, 705 F. 3d 279, 282 (7th Cir. 2013) (noting that where a petitioner successfully challenged his sentence pursuant to a § 2255 motion and was resentenced, his second § 2255 motion challenging his resentencing did not constitute a second or successive motion ); see also, e.g., Slack v. McDaniel, 529 U.S. 473, 478 (2000) (a habeas petition filed after the first petition was dismissed for failure to exhaust state remedies is not a second or successive petition).

Petitioner has not obtained certification from the court of appeals. Therefore, this Court lacks jurisdiction and the Third Motion must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues

a certificate of appealability); Sveum v. Smith, 403 F. 3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required when the district court dismisses a motion on the ground that it is an unauthorized, successive collateral attack). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a § 2255 motion is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Petitioner has not made a substantial showing of the denial of a constitutional right or that a reasonable jurist would find it debatable whether the district court was correct in its procedural ruling. Therefore, the Court denies a certificate of appealability.

## IV. CONCLUSION

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1) is a successive motion that the court of appeals has not granted him leave to file. Therefore, the Court DISMISSES the Motion (d/e 1) without prejudice for lack

a certificate of appealability); Sveum v. Smith, 403 F. 3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required when the district court dismisses a motion on the ground that it is an unauthorized, successive collateral attack). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a § 2255 motion is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Petitioner has not made a substantial showing of the denial of a constitutional right or that a reasonable jurist would find it debatable whether the district court was correct in its procedural ruling. Therefore, the Court denies a certificate of appealability.

## IV. CONCLUSION

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1) is a successive motion that the court of appeals has not granted him leave to file. Therefore, the Court DISMISSES the Motion (d/e 1) without prejudice for lack

of jurisdiction.  The Court declines to issue a certificate of appealability.  The Court refers Petitioner to Rule 22.2 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit for the procedure to request leave to file a second or successive § 2255 motion.

ENTER:  January 26, 2015

FOR THE COURT:

    s/Sue E Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE